

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00296-CR

ANTONIO LAMAR DEVER                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1344571D

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Antonio Lamar Dever pleaded guilty to assault on a family member by impeding her breath/circulation. *See* Tex. Penal Code Ann. § 22.01(b)(2)(B) (West Supp. 2014). In accordance with the terms of the plea bargain, the trial court placed him on two years' community supervision, sentenced him to pay a $200 fine, and ordered him to pay $80 in

---

[1]*See* Tex. R. App. P. 47.4.

restitution. The State subsequently filed a petition to proceed to adjudication, alleging that Dever had violated five conditions of his community supervision. The State waived all but one allegation, and Dever pleaded "true" to that allegation. The trial court found that allegation was true, adjudicated Dever guilty, and sentenced him to nine years' confinement. This appeal followed.

Dever's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. In compliance with *Kelly v. State*,[3] counsel notified Dever of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Dever's review of the appellate record by providing him with a copy of the Clerk's and Reporter's Records. This court afforded Dever the opportunity to file a brief on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991);

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

2

*Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, GARDNER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 26, 2015